IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **J2 GLOBAL COMMUNICATIONS, INC.** § | | |
| § | | |
| **V.** § | **CIVIL ACTION NO. 6:08-CV-211** | |
| § | | |
| **PROTUS IP SOLUTIONS, INC.,** § | | |

| | | |
|---|---|---|
| **J2 GLOBAL COMMUNICATIONS, INC.** § | | |
| § | | |
| **V.** § | **CIVIL ACTION NO. 6:08-CV-262** | |
| § | | |
| **CAPTARIS INC.** § | | |

| | | |
|---|---|---|
| **J2 GLOBAL COMMUNICATIONS, INC.** § | | |
| § | | |
| **V.** § | **CIVIL ACTION NO. 6:08-CV-263** | |
| § | | |
| **EASYLINK SERVICES** § | | |
| **INTERNATIONAL CORPORATION,** § | | |

## MEMORANDUM OPINION AND ORDER

On December 23, 2008, the Court denied motions to transfer venue filed by Defendants, Protus IP Solutions, Inc. ("Protus"), Captaris Inc. ("Captaris"),and Easylink Services International Corp., ("Easylink"), in the above captioned cases (collectively "Defendants").[1] On January 8, 2009, Defendants filed Motions for Reconsideration in light of *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008).[2] (Doc. Nos. 47, 47, 48, respectively.) The facts of these cases are more fully set forth in this Court's Order denying Defendants' Motions (the "December 23 Order"). (Doc. No. 46)

---

[1] In addition to these three defendants, the Court denied a motion to transfer venue filed by Comodo Group Ltd. ("Comodo") (case number 6:08-cv-275). Comodo has not filed a motion for reconsideration.

[2] Defendants Captaris and Protus have styled their motions as "Motion for Reconsideration Under 28 U.S.C. § 636(b)(1)(A)" and "Motion for Reconsideration to Judge Davis Under 28 U.S.C. § 636(b)(1)(A)," respectively. Because the basis for these motions is a recent Federal Circuit opinion, the Court will treat them as motions for reconsideration rather than objections to the Magistrate Judge's decision.

*J2 Global Commc'ns., Inc. v. Protus IP Solutions*, No. 6:08-cv-211, 2008 WL 5378010 at *1 (E.D. Tex. Dec. 23, 2008). Because the issues are substantially the same, the Court issues this Memorandum Opinion and Order for all three cases.

For the following reasons, Defendants' Motions for Reconsideration are **DENIED**.

## MOTION FOR RECONSIDERATION STANDARD

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir.1997). However, the court has authority to consider such motions using the guidelines of Rule 59(e). *Hamilton v. Williams*, 147 F.3d 367, 379 n. 10 (5th Cir.1998); *Texas Instruments, Inc. v. Hyundai Elec. Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999). To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.2005). Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 332 (W.D. Tex. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir.2004). District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time,

energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 676 (E.D.Tex.2001); *Mohamed v. Mazda Corp.,* 90 F.Supp.2d 757, 768 (E.D.Tex.2000). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"); *In re TS Tech USA Corp.*, 551 F.3d at 1320. The moving party must show that transfer is "clearly more convenient." Otherwise, a plaintiff's choice of venue must be respected. *In re TS Tech USA Corp.*, 551 F.3d at 1320.

When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration of justice. *Id.* at 1319. The private interest factors weighed by the court include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* None of the factors are dispositive on their own. *Id.*

Two recent appellate opinions must be addressed in determining whether transfer is appropriate in these cases. *Volkswagen II* involved a products liability claim stemming from an

3

automobile collision in Dallas. 545 F.3d at 307. In that case, the Fifth Circuit granted a writ of mandamus requiring the Eastern District of Texas to transfer the case to the Northern District of Texas. *Id.* at 307. It found that the trial court had erred by giving inordinate weight to the Plaintiff's choice of venue, and by not giving appropriate weight to, among other things, the location of proof, the cost of attendance of willing witnesses, the availability of compulsory process and the localized interest of the fora. *Id.* at 318. Thereafter, the Federal Circuit, relying on *Volkswagen II*, granted a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Southern District of Ohio. *In re TS Tech USA Corp.*, 551 F.3d at 1322-23. It found that, in the underlying case *Lear Corp. v. TS Tech USA, Inc.*, No. 2:07-CV-406 slip op. (E.D. Tex. Sept. 10, 2008), the trial court erred by (1) giving too much weight to the plaintiff's choice of forum, (2) failing to recognize the cost of attendance of witnesses, (3) failing to recognize the ease of access to sources of proof, and (4) disregarding Fifth Circuit precedent in analyzing the public interest in having localized interests decided at home. *Id.* These cases will be discussed in more detail below.

## DISCUSSION

### I. The Private Interest Factors

*The Relative Ease of Access to Sources of Proof*

In order for this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. *See In re TS Tech USA Corp.*, 551 F.3d 1321; 28 U.S.C. § 1404(a) (allowing a court to transfer a case "for the convenience of the parties"). A movant must identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties. For example, in *Volkswagen II* the

movants identified sensitive physical evidence and a crash site, 545 F.3d at 316, and in *TS Tech*, the movant identified bulky physical evidence, 551 F.3d at 1321. In contrast, identifying the location of electronic sources of proof will typically not tip this factor in favor of transfer. *See Odom v. Microsoft*, No. 6:08-cv-331, 2009 WL 279968 at *3 (E.D. Tex. Jan. 30, 2009)("[b]ecause electronic information can be accessed conveniently in any number of locations, not simply the location where the information is 'stored,' it does not follow that transfer to the location of the stored information is more convenient for anyone").

Defendants argue that this Court erred by finding this factor neutral. They argue that any evidence in these cases will likely be located at j2's headquarters in California and Defendants' headquarters in Ottawa, Ontario; Norcross, Georgia; and Seattle, Washington. However, other than generally referring to documents, they have not identified any specific evidence, physical or otherwise. These general statements fail to show that transfer would make access to sources of proof either more or less convenient for the parties. To the extent that there are physical documents at issue in these cases, the parties have not specifically identified them or explained how transfer will make accessing these documents more convenient. Furthermore, because Texas is a centralized location between California, Seattle, Georgia, and Ottawa, Defendants have not shown that California would be any more convenient of a location than Texas for accessing the parties' documents.

Captaris does state in its reply that the parties have agreed on a protective order which requires Captaris to access j2's source code in Chicago, Illinois; San Jose, California; or some other mutually agreed upon location. The Court sees no reason why this source code can not be easily transferred to any location in the world, as indicated by the protective order. *See id.* Captaris has not specified any reason why transferring this case to California would make access to this source code

5

more convenient for the parties. Thus, this factor is neutral.

*The Cost of Attendance for Willing Witnesses*

Defendants argue that this Court erred by stating that this district is presumed convenient for Plaintiff's witnesses. They claim that this statement effectively treats Plaintiff's choice of venue as a separate factor in the venue transfer analysis. *See In re TS Tech USA Corp.*, 551 F.3d at 1320 (finding error where district court treated plaintiff's choice of venue as a separate factor). This Court's December 23 Order merely stated that when Plaintiff filed suit here, it was well aware of the travel burdens that would be imposed on its own witnesses. While, the Court presumed that j2's witnesses would not be inconvenienced by litigating in this district, the Court was not treating Plaintiff's choice of venue as a separate factor. The Federal Circuit has since explained that this factor requires a court to carefully consider the convenience of party fact witnesses. *In re TS Tech USA Corp.*, 551 F.3d at 1320. However, the Federal Circuit has not addressed the relative importance of party and nonparty witnesses. *See Odom*, 2009 WL 279968 at *4.

Defendants argue that these cases should be transferred to California because that is where the plaintiff is located. As this Court has explained, however, the patent venue statute provides for the possibility that there are multiple proper venues in a patent case. *See Network-1 Sec. Solutions, Inc., v. D-Link Corp.*, 433 F. Supp. 2d 795, 802 (E.D. Tex. 2006), *mandamus denied*, 183 Fed. Appx. 967 (Fed. Cir. 2006). The statute does not limit venue to the district where a patent holder is located any more than it does to where an alleged infringer is located. *See id.*; 28 U.S.C. § 1400(b).

When evaluating the convenience of witnesses under this factor, the Court must apply a 100 mile rule: "'When the distance between an existing venue for trial of a matter and a proposed venue

under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance traveled.'" *Volkswagen II*, 545 F.3d at 317 (quoing *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004)). Applying this rule, the Federal Circuit found that this factor weighed in favor of transfer where a defendant sought transfer to its home district, and all of the witnesses in the case were localized in and around that district. *In re TS Tech USA Corp.*, 551 F.3d at 1320. However, this factor may be neutral where the transferee district is not convenient for all witnesses. *Network-1 Sec. Solutions, Inc.*, 433 F. Supp. 2d at 800 (denying transfer where witnesses were not localized in one geographic area); *Invitrogen v. Gen. Elec. Co.*, No. 6:08-CV-113, 2009 WL 331889 at *3, (E.D. Tex. Feb. 9, 2009) (finding this factor neutral with regard to party witnesses because, although the transferee district would be more convenient Defendants' witnesses, it would be less convenient for Plaintiff's witnesses).

After the Court issued the December 23 Order, the parties exchanged initial disclosures which listed a number of witnesses not yet considered by the Court. All of the parties have disclosed witnesses located at their respective headquarters. If these cases were transferred to the Central District of California, Protus's witnesses would need to travel approximately an additional 1500 miles from Ottawa, Ontario, and Easylink's witnesses would need to travel approximately an additional 1100 miles from Norcross, Georgia. While transferring these cases would reduce the travel burdens on j2's witnesses by 1300 miles, it is hard to see how litigating these cases in California would be more convenient to Easylink and Protus. For Defendant Captaris, which is located in Seattle Washington, transferring this case to California would reduce the distance traveled by its witnesses by 700 miles. Nonetheless, none of Captaris' witnesses are located within 100 miles of the transferee district. Captaris' witnesses would still need to travel approximately 1000 miles to

7

Los Angeles.

None of these cases presently before the Court involve parties localized in one general geographic area. Unlike *TS Tech*, there are no venues which would be convenient for both parties in any of these cases. With regard to Protus and Easylink, *Invitrogen v. General Electric* is directly on point. 2009 WL 331889 at *3. The Central District of California is more convenient for j2, but less convenient for Protus and Easylink. Conversely, the Eastern District of Texas is more convenient for Protus and Easylink, but less convenient for j2. Thus, this factor is neutral with regard to party witnesses in the Protus and Easylink cases. With regard to Captaris, it is seeking transfer to a district 1000 miles away from its headquarters. While California would be a more convenient forum for j2, it would only be slightly more convenient for Captaris. Thus, this case is distinguishable from *TS Tech* where the transferee district was much more convenient for all of the parties. Under these circumstances, this factor weighs only somewhat in favor of transfer with regard to party witnesses in the Captaris case.

In addition to potential party witnesses, the parties have identified numerous key nonparty witnesses in these cases, and offered a brief summary of the witnesses' relevant knowledge. In particular, Defendants Protus and Easylink have identified prior art witnesses located in California, Washington, Colorado, Illinois, Texas, Pennsylvania, Virginia, Washington D.C., New Jersey, New Hampshire, New York, Massachusetts, Connecticut, Georgia, Florida, Hawaii, Ontario, British Columbia, Japan, Israel, England, The Netherlands, and Sweden. Captaris has identified two nonparty witnesses with knowledge of the accused products and the prior art, but it has not stated where these witnesses reside.

Because these cases involve the same patents, the same prior art should be relevant for all three cases. Accordingly, the Court sees no reason to ignore the existence of prior art witnesses identified by Protus and Easylink when considering the Captaris case. Because the prior art witnesses are spread throughout the world, the Central District of California is no more convenient than the Eastern District of Texas for these witnesses. *See Network-1 Sec. Solutions, Inc.*, 433 F. Supp. 2d at 802; *Aloft Media LLC*, 2008 WL 819956 at *5-7. This factor is neutral with regard to nonparty witnesses in all three cases. Because neither the Central District of California nor the Eastern District of Texas is particularly convenient for all of the witnesses in any of these cases, the convenience of witnesses factor is neutral in all three cases.

*Availability of Compulsory Process*

The parties have identified numerous potential nonparty witnesses in these cases, but there is no indication that any of them would be unwilling to testify at trial. Even if this Court could not compel a witness's attendance, neither party is prevented from using the witness's videotaped deposition at trial. *See Symbol Tech., Inc. v. Metronomic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006). Nonetheless, because four of these witnesses are located in the Central District of California, and only one is located in the Eastern District of Texas, compulsory process will be available for three more witnesses if these cases are transferred to the Central District of California. This factor weighs slightly in favor of transfer in all three cases.

*All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

The parties do not discuss this factor; the Court finds it to be neutral.

**II.     The Public Interest Factors**

*Judicial Economy*

This Court's December 23 Order focused on whether transfer would be appropriate to preserve judicial economy. *See Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (stating that, in a patent case, this factor may be determinative even if the parties' considerations call for a different result). After a thorough examination of the case law and the facts of each case, the Court determined that, because the California j2 cases were sufficiently different from these cases, transfer would not meaningfully advance judicial economy. Defendants claim that this determination contains three errors.

First, Defendants claim that the Court erred by considering the fact that these cases could be stayed if transferred to the Central District of California because this is not one of the eight *Volkswagen II* factors. *See* 545 F.3d at 315. This argument is without merit. The Court considered the stay in the context of evaluating judicial economy. As the Court explained, "[b]ecause the California j2 cases are currently stayed, and could continue to be stayed for an extended period of time, there is little risk of parallel competing claim constructions." *Id.* at *6. Although judicial economy is not explicitly listed as one of the eight *Volkswagen II* factors, these factors are "not necessarily exhaustive or exclusive." *See Volkswagen II*, 545 F.3d at 315. Defendants do not seriously contend that a court may not consider judicial economy when evaluating a motion to transfer. In fact, the primary reason Defendants claim they are seeking transfer to California is out of concern for judicial economy. Regardless, even if the California j2 cases were not stayed, the Court's conclusion would not be changed. The Court's determination that transfer would not preserve judicial economy was based on the overlap between the parties, patents, and products at issue in the California j2 cases and the present cases. *J2 Global Commc'ns., Inc.*, 2008 WL 5378010

at *5. Defendants have not shown that any meaningful gain in judicial economy would result from transferring these cases. *Id.*

Next, Defendants claim that the Court erred by stating that there is "no risk of simultaneous parallel litigation involving the exact same patents." The Court made this statement to distinguish *Interactive Music Technology LLC v. Roland Corp.*, No. 6:07-cv-282, 2008 WL245142 (E.D. Tex. Jan. 29, 2008). In that case, the Court transferred all three defendants in the case after determining that one of the defendants was bound by a venue selection provision in a settlement agreement. *Id.* at *11. It found transfer to be appropriate to prevent simultaneous litigation of the exact same claims of the exact same patents proceeding on the exact same time line in two different Courts. *Id.* As the Court explained in the December 23 Order, the risk of simultaneous parallel litigation is not as great in these cases because the California j2 cases only involve one of the four patents at issue in these cases, and they are currently stayed. *J2 Global Commc'ns., Inc.*, 2008 WL 5378010 at *5. All three of the cases presently before the Court have a *Markman* hearing set for September 10, 2009 and a trial date of May 10, 2009. Even if the stay were lifted, the California j2 cases would most likely proceed along a different time line and, as stated above, they will involve different substantive issues.

Finally, Defendants claim that this Court erred by creating a per se rule of law that transfer is inappropriate unless the transferee court has construed the claims of the patent at issue. This argument misconstrues this Court's December 23 Order. The Court stated that a prior claim construction opinion is just one factor which may help determine the amount of overlap between cases. *J2 Global Commc'ns., Inc.*, 2008 WL 5378010 at *5. Other factors include: familiarity with the technology or legal claims at issue, and similarity of parties, products, and/or patents at issue. *Id.*

11

Defendants have failed to show that judicial economy would best be served by transferring these cases.

*Administrative Difficulties Caused by Court Congestion*

The parties do not address this factor; the Court finds it to be neutral.

*The Local Interest in Having Localized Interests Decided at Home*

In patent cases, when a defendant sells products all over the country, no specific venue has a dominant interest in resolving the issue of patent infringement. *See In re TS Tech*, 551 F.3d at 1321. ("[h]ere, [the accused products] were sold throughout the United states, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"). The parties agree that this factor is neutral.

*The Familiarity of the Forum with the Law that will Govern the Case*

To the extent that these cases are a patent cases, both this Court and the Central District of California are equally capable of applying patent law. *See In re TS Tech*, 551 F.3d at 1321.

*Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

As in most patent cases, this factor is neutral. *J2 Global Commc'ns, Inc.*, 2008 WL 5378010 at *6.

## CONCLUSION

Only one factor weighs slightly in favor of transfer in these cases—the potential need for compulsory process to secure the testimony of four witnesses. Defendants have not shown that these four witnesses are of critical importance, or even that their testimony is more important than the

witness that this Court would have subpoena power over. As more fully explained in this Court's December 23 Order, this is not a situation where the transferee district has had extensive involvement with the patents and products at issue. Nor are these cases where all of the parties and witnesses are localized in one general geographic area. *Compare Network-1 Sec. Solutions, Inc.*, 433 F. Supp. 2d at 800 (denying transfer where witnesses were located all over the world); *with Odom*, 2009 WL 279968 at *4 (granting transfer where all of the witnesses were localized in one general geographic area). Based on this analysis, the Court finds that Defendants have failed to show that transfer to the Central District of California would be clearly more convenient for the parties and witnesses. *See Volkswagen II,* 545 F.3d at 315.[3]

Because Defendants have not demonstrated a clear error of fact or law in the Court's December 23 Order, Defendants' Motions are **DENIED**.

**So ORDERED and SIGNED this 19th day of February, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[3] Even if the Court did not consider the prior art witnesses identified by Easylink and Protus when applying the convenience of witnesses factor in the Captaris case, the Court would deny Captaris' Motion. Because the parties are not localized in one general geographic area, this factor would weigh only somewhat in favor of transfer. Because only two factors would weigh slightly in favor of transfer, Captaris cannot meet its burden of showing that transfer would be clearly more convenient for the parties and witnesses.